# 8465

## COURT OF APPEAL

### PARISH OF ORLEANS

------

PETER BIVOÑA

versus

JULES or GIULIANO FONTANA.

--------

Oct 1/23.

H.J. Stansbury

8465

Dinkelspiel; J.

The issues presented in this case have been before this Court twice before the present appeal. The substance of the allegations of the petition are that plaintiff, a creditor of the deceased, had departed this life and that a brother residing in Italy had accepted the Succession and taken possession of its assets both here and in the Kingdom of Italy, which constituted life insurance policy amounting to about $500.00, and now the present issues are kkx solely whether or not plaintiff can take the testimony of the defendant and another witness residing in the Kingdom of Italty, in an endeavor to enforce the collection of his claim, and it is the sole question presented in this record.

Under a proper affidavit to take testimony of Jules Fontana, together with another witnesses, both residing in Italy, and under a commission issued by the Civil District Court, reading, "To any Ambassador, Minister, Charge d'Affairs, Consul, Vice Consul, or Consular Agent, or any other representative of the United States, residing in Italy and authorized to administer oaths", counsel for Jules Fontana objected and insists upon his objection to the form, manner and method of issuing these interrogatories, and to the service thereof, and with the interrogatories and the commission before him, he propounded cross-interrogatories to the parties sort to testify in this case.

This matter was tried by the Civil District Court and without entering into the proceedings there, the objection to issuance of the commission was maintained, the Court holding:

"The facts are that this matter was submitted to the Court and taken under advisement in order to afford counsel opportunity for filing briefs; counsel for the present defendant filed his brief, but counsel for the plaintiff never filed

a brief and was requested several times by the Court to file a brief, but stated that the matter was in Court of Appeal and it was not necessary. The Court remembers at this time very well the arguments advanced at the time the matter for disposition was before the Court, and now disposes of the matter by sustaining the present objection and refusing to allow the commission", and from that judgment there is this appeal.

The Civil Code, Art. 1013. "The effect of the simple acceptance of the Succession, whether express or tacit, is such, that when made by an heir of age, it binds him to the payment of all debts of the succession, not only out of the effects which have fallen to him from the succession, but even personally, and out of his own property, as if he had himself contracted the debts or as if he was the deceased himself; unless, before acting as heir, he made a true and faithful inventory of the effects of the succession, as here above established, or has taken the benefit treated of hereafter."

This record alleges that Jules Fontana, brother of the deceased had accepted the succession, and hence being an heir of age, if that be a fact, in accordance with our Civil Code he is bound for the payment of all debts of the succession, not only that but he is bound personally even out of his own property, unless as the Code provides, he has made a true and faithful ~~inxxxxxxxx~~ inventory of the effects of the succession, and has taken the benefit ~~at~~ thereof. There was no inventory of this succession taken; the heir took possession of the effects as alleged, both here and in Italy, and if that be
under
so, then/our law ~~km~~ there can be no question as to his liability for debts due by the succession.

It has been urged that Article ~~#137#~~ 437, C. P. reading: "Commissions to examine witnesses out of the State may be directed to any Judge, Justice of the Peace, Magistrate or any other person residing at the place where such witnesses

124

live, or to any commissioner appointed by the Governor of the State"; and it is urged both in brief and in the argument of the defendant's counsel in this case that the commission in question not being directed as required by the Code of Practice, fails, and the judge so held.

We are compelled under the circumstances to differ with the Judge in his opinion as to the meaning of the Article in question, together with our Civil Code, the Article of which was heretofore quoted, and to express the opinion, "or any other person residing at the place where such witnesses live" means any proper officer who has the authority to act.

The authorities quoted, after an examination, do not in our opinion maintain the position advanced by counself for defendant. We are satisfied that the provisions of the Code of Practice and the Civil Code apply in this case, and hence judgment of the Court a qua, in our opinion must be amended.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the Court a qua, annulling and rejecting plaintiff's application for a commission to take testimony of witnesses in Italy pertinent to the issues in this case, together with the cross interrogatories applied for by the defendant in this case, be and is hereby annulled as well as the judgment rendered on October 24/921 and avoided, and it is further ordered, that the commission in this case as applied for, together with the cross interrogatories, be issued, and the order refusing be annulled at the cost of defendant, It is further ordered that this case be remanded for trial in accordance with this judgment. —Judgment reversed and amended—